UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER CULBREATH, )  )  Petitioner ) ) v. ) ) LAGRANGE COUNTY SHERIFF, ) ) Respondent. ) | No. 3:06cv0747 AS |

*MEMORANDUM, OPINION AND ORDER*

Petitioner Christopher Culbreath, a prisoner confined at the LaGrange County Jail, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition establishes that the petitioner was convicted on July 12, 2006, and sentenced to two years of imprisonment. The petitioner responded "no" to the question on the form petition, "did you appeal from the judgment of conviction?" (Petition at p. 2). Mr. Culbreath states that he filed a petition challenging his conviction in the trial court, but did not appeal the court's denial of that petition. (Petition at pp. 3-5).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before seeking federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999). Because the petitioner's request for a writ of habeas corpus establishes that he has not exhausted his state court remedies, his petition must be dismissed because it plainly appears from the face of the petition that he is not entitled to relief.

For the foregoing reasons, the court **DISMISSES** this this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

**IT IS SO ORDERED.**

**DATED**: January 3, 2007

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**